UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:20-cr-357

    Plaintiff,

v.   MEMORANDUM OPINION
AND ORDER

Ramone Stallworth,

    Defendant.

## I.   Introduction and Background

On May 10, 2021, I sentenced Defendant Ramone Stallworth to a term of 41 months in prison and a 3-year term of supervised release following his conviction on one count of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (*See* Doc. No. 19). Stallworth completed his sentence with the Federal Bureau of Prisons and began his term of supervised release on March 31, 2023. (Doc. No. 21 at 1).

On April 3, 2024, Stallworth filed a motion seeking the early termination of his term of supervised release. (*Id.*). The government filed a brief in opposition. (Doc. No. 23). For the reasons stated below, I deny Stallworth's motion.

## II.   Discussion

Modification of a term of supervised release is governed by § 3583(e). That subsection permits a court to terminate a term of supervised release after the expiration of one year of supervised release if the early termination is "warranted by the conduct of the defendant . . . and the

interest of justice," as well as the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e)(1).

While Stallworth has served over one year of his term of supervised release, I conclude early termination is not appropriate. Stallworth has at least eight felony convictions in addition to his conviction in this case and previously was charged several times with criminal offenses committed while he was under community supervision. At least five of those prior convictions involved the illegal use or possession of firearms. In the events leading to the charges against Stallworth in this case, Stallworth was driving aggressively toward a marked police vehicle before fleeing the police and throwing a handgun out of the sunroof of his car.

I acknowledge that Stallworth has been in full compliance with the terms of his supervised release, and I applaud his efforts in maintaining employment and supporting his family, as well as his continued engagement in behavioral and addiction treatment programs. But I conclude a reduced term of supervised release would not be sufficient to comply with the purposes of sentencing set forth in § 3553(a), particularly the need to provide adequate deterrence to future criminal conduct and the need to provide Stallworth with continued treatment in the most effective manner.

### III. CONCLUSION

I conclude early termination of Stallworth's supervised release is not in the interest of justice at this time. Therefore, and for the reasons set forth above, I deny his motion for early termination. (Doc. No. 21).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge